IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN LEYVA, | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| CARRANZA TRUCKING, LLC., AMAZON LOGISTICS, INC. AND ALBERTO MEDINA SARRIA | § § § § | |
| | § | JURY DEMANDED |
| *Defendants* | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

NOW COMES Plaintiff **JONATHAN LEYVA** (hereafter referred to as "Plaintiff") complaining of Defendants **AMAZON LOGISTICS, INC.,** (hereafter referred to as Defendant "**AMAZON LOGISTICS**"), **CARRANZA TRUCKING, LLC.,** (hereafter referred to as Defendant "**CARRANZA TRUCKING**"), and **ALBERTO MEDINA SARRIA** (hereafter referred to as Defendant "**SARRIA**"), and in support thereof would respectfully show unto the Court as follows:

## I. PARTIES

1. Plaintiff, Jonathan Leyva, is a citizen of the State of Texas.

2. Carranza Trucking, LLC. is a foreign for-profit corporation formed in and under the laws of the State of New Mexico and headquarters are located in Hobbs, New Mexico, and who at all times material and relevant hereto was engaged in business in Texas. Defendant Carranza Trucking, LLC. was the owner of the tractor-trailer involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Sarria in the State of Texas; specifically, in the Western District. This action

arises from the subject collision. Defendant Carranza Trucking, LLC. may be served with process via its registered agent, Odin Carranza Aguila located at 110 E Corbett, Apt 28, Hobbs, New Mexico 88240.

3. Amazon Logistics, Inc. is a foreign for-profit corporation formed in and under the laws of the State of Indiana and headquarters are located in Whitestown, Indiana, and who at all times material and relevant hereto was engaged in business in Texas. Defendant Amazon Logistics was the owner of the tractor-trailer involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Sarria in the State of Texas; specifically, in the Western District. This action arises from the subject collision. Defendant Amazon Logistics may be served with process via its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX, 78701-3218

4. Defendant, Alberto Medina Sarria, is an individual who was and is a citizen of the State of New Mexico at all times relevant to this action. Defendant Sarria was the driver of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas, specifically the Western District. At all times relevant to this action, Defendant Sarria was in the course and scope of his employment with Defendant Carranza Trucking, LLC. This action arises from the subject collision. Defendant Sarria may be served with process at his last known address, located at 1515 E Scharbauer St. Hobbs, New Mexico 88240.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. § 1332, in that it is a civil action between Plaintiff, who is a Texas citizen, and Defendants, who are all citizens of, incorporated in, and/or have their

principle place of business in, a state other than Texas; specifically, Defendants are all citizens of New Mexico. Additionally, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is proper within the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions occurred within the United States District Court for the Western District of Texas; specifically, Williamson County.

### III. NATURE OF THE CASE

7. On or about January 4, 2024, Plaintiff Jonathan Leyva was traveling northbound, in the center lane of travel, on IH-35 in Williamson County, Texas. Plaintiff was safely and lawfully operating a 2020 Ford F250. Defendant Carranza trucking, LLC's employee, Alberto Medina Sarria, acting within the course and scope of his employment, was operating Defendant Carranza trucking, LLC's 2013 Volvo VNR and towing a 2022 Wabash National Corp owned by Amazon Logistics, Inc. Defendant Sarria was traveling northbound on IH-35 in the center lane of travel. Defendant Sarria failed to control his speed and suddenly, violently, and without warning, struck the vehicle operated by Plaintiff Jonathan Leyva, the investigating officer with the Department of Public Safety determined that Defendant Sarria was at-fault and issued a citation to Defendant Sarria for failure to control speed. As a result of the collision, Plaintiff sustained serious injuries.

8. At the time of the accident, Defendant Sarria (a) was employed by Defendants Carranza Trucking, LLC and/or Amazon Logistics, Inc., (b) was driving a vehicle owned by Defendants Carranza Trucking, LLC and/or Amazon Logistics, Inc., and (c) was acting within the course and scope of his employment with Defendants Carranza Trucking, LLC and/or Amazon Logistics, Inc. At all times material to this

incident, Defendant Saria had permission, either express or implied, to operate Defendant Defendants Carranza Trucking, LLC and/or Amazon Logistics, Inc.'s, vehicles.

### IV. CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANTS CARRANZA TRUCKING, LLC. AND AMAZON LOGISTICS, INC.

9. Plaintiff, Jonathan Leyva, incorporates by reference each and every allegation contained in Paragraphs 1 through 12 of Plaintiffs' Original Complaint set forth above as though fully set forth herein.

10. Defendant Sarria was an employee of Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc. and was acting within the course and scope of that employment at the time of the accident. As such, Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc. are vicariously liable for the wrongful acts or omissions of Defendant Alberto Medina Sarria.

11. Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc. are engaged in the business of commercial transportation throughout the United States.

12. Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc. had a duty to exercise reasonable care in the management and operation of its commercial trucks.

13. Additionally, Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc. had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

14. Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc. failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

15. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendants Carranza trucking, LLC. and/or Amazon Logistics, Inc., Plaintiff suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which he seeks relief pursuant to applicable laws.

## COUNT II: NEGLIGENCE *PER SE*

16. The allegations alleged in paragraphs 1 - 19 are re-alleged and are incorporated herein by reference.

17. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Carranza trucking, LLC., Amazon Logistics, Inc., and Alberto Medina Sarria, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

    a.    violation of § 392.2 – "Applicable Operating Rules"; and

    b.    violation of § 545.060 – "Driving on Roadway Laned for Traffic"

18. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

_____
*Jonathan Leyva v. Carranza Trucking, LLC., Amazon Logistics, Inc., and Alberto Medina Sarria*
Plaintiffs' Original Complaint
Page 5 of 9

## COUNT III – NEGLIGENCE OF DEFENDANT SARRIA

19. The allegations alleged in paragraph 1-8 are re-alleged and are incorporated herein by reference.

20. Defendant Sarria was a professional driver and had a duty to exercise care in the operation of the commercial vehicle, and he breached that duty of care by, *intra alia:*

   a. Failing to keep a proper lookout;

   b. Failing to take proper evasive action;

   c. Failing to operate his vehicle in a prudent and reasonable manner;

   d. Failing to maintain a proper speed and control under the circumstances;

   e. Failed to maintain a single lane of travel; and

   f. Reckless driving.

21. Defendant Sarria's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

22. As a direct and proximate cause of Defendant Sarria's negligence, Plaintiff Jonathan Leyva sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiff seeks relief for the injuries and damages pursuant to applicable laws.

# COUNT IV.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

23. At the time of his injuries, Plaintiff Jonathan Leyva was in reasonably good health with a normal life expectancy.

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

   A. Reasonable medical care and expenses in the past.

   B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

   C. Loss of earnings in the past.

   D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

   E. Mental anguish in the past.

   F. Mental anguish in the future, which will in all probability, be incurred in the future.

   G. Pecuniary loss in the past.

   H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

   I. And all other legal damages and just and right compensation as allowed both in law and in equity.

25. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein).  For all such claims and losses, Plaintiff now sues.

26. Plaintiff, Jonathan Leyva, requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and

reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## V. Jury Demand

27. Plaintiff demands trial by jury.

## VI. Prayer for Relief

28. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for judgment as follows:

A. Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

B. Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

C. Loss of household services in the past and in all probability to be incurred into the future;

D. Non-economic damages for Plaintiff according to proof including as applicable:

E. Compensation for physical pain in the past and in reasonable probability sustained into the future;

F. Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

G. Compensation for loss of earnings and earning capacity and in reasonable probability sustained into the future.

H. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

I. Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

J. As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiff according to proof;

K. As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiff as provided by law; and

L. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN LAW GROUP, P.C.**
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gowanlawgroup.com