# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JONATHAN LEYVA § | |
| PLAINTIFF § | |
| V. § | CIVIL NO. 1:24-CV-00209-RP |
| CARRAZANA TRUCKING, LLC, § | |
| AMAZON LOGISTICS, INC., § | |
| ALBERTO MEDINA SARRIA, § | |
| 3Y TRUCKING, § | |
| AMAZON.COM SERVICES INC., § | |
| AMAZON.COM INC., § | |
| DEFENDANTS § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff JONATHAN LEYVA (hereafter referred to as "Plaintiff") complaining of Defendants AMAZON LOGISTICS, INC., (hereafter referred to as Defendant "AMAZON LOGISTICS"), CARRAZANA TRUCKING, LLC., (hereafter referred to as Defendant "CARRAZANA TRUCKING"), and ALBERTO MEDINA SARRIA (hereafter referred to as Defendant "SARRIA"), and in support thereof would respectfully show unto the Court as follows:

### I. PARTIES

1. Plaintiff, Jonathan Leyva, is a citizen of the State of Texas.

2. Defendant Carrazana Trucking, LLC. is a foreign for-profit corporation formed in and under the laws of the State of New Mexico and headquarters are located in Hobbs, New Mexico, and who at all times material and relevant hereto was engaged in business in Texas. Defendant Carrazana Trucking, LLC. was the owner of the tractor-trailer involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Sarria in the State of Texas; specifically, in the Western District. This action arises from the subject collision.

Defendant Carrazana Trucking, LLC. may be served with process via its registered agent, Odin Carrazana Aguila located at 110 E Corbett, Apt 28, Hobbs, New Mexico 88240.

3. Defendant Amazon Logistics, Inc. is a foreign for-profit corporation formed in and under the laws of the State of Indiana and headquarters are located in Whitestown, Indiana, and who at all times material and relevant hereto was engaged in business in Texas. Defendant Amazon Logistics was the owner of the tractor-trailer involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Sarria in the State of Texas; specifically, in the Western District. This action arises from the subject collision. Defendant Amazon Logistics may be served with process via its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX, 78701-3218.

4. Defendant Alberto Medina Sarria is an individual who was and is a citizen of the State of New Mexico at all times relevant to this action. Defendant Sarria was the driver of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas, specifically the Western District. At all times relevant to this action, Defendant Sarria was in the course and scope of his employment with Defendant Carrazana Trucking, LLC. This action arises from the subject collision. Defendant Sarria may be served with process at his last known address, located at 1515 E Scharbauer St. Hobbs, New Mexico 88240.

5. Defendant 3Y Trucking LLC is a foreign limited liability company formed in and under the laws of the State of New Mexico with its headquarters located in Hobbs, New Mexico, and who at all times material and relevant hereto was engaged in business in Texas. 3Y Trucking was the assigned carrier for the load/trip, who then double brokered the load/trip to Defendant Carrazana. Defendant 3Y Trucking may be served with process via its registered agent Yadipsi Santana, 407 E Park St, Hobbs, NM 88240.

6. Defendant Amazon.com Services LLC is a foreign for-profit limited liability company formed in and under the laws of the State of Delaware with headquarters in Seattle, Washington, and who at all times material and relevant hereto was engaged in business in Texas. Defendant Amazon.com Services LLC was the owner of the tractor-trailer involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Sarria in the State of Texas; specifically, in the Western District. This action arises from the subject collision. Defendant Amazon.com Services LLC may be served with process via its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7. Defendant Amazon.com, Inc. is a foreign for-profit corporation formed in and under the laws of the State of Delaware with its principal place of business at 410 Terry Ave N, Seattle, WA 98126. At all times material and relevant hereto they were engaged in business in Texas. They have no registered agent in Texas. They can be served via their registered agent in Delaware: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. § 1332, in that it is a civil action between Plaintiff, who is a Texas citizen, and Defendants, who are all citizens of, incorporated in, and/or have their principle place of business in, a state other than Texas; specifically, Defendants are all citizens of New Mexico. Additionally, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Venue is proper within the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or

omissions occurred within the United States District Court for the Western District of Texas; specifically, Williamson County.

### III. NATURE OF THE CASE

10. In 2017 or 2018, Amazon wanted to become the largest logistics carrier in the country. To outpace their limited capacity, Amazon simply ignored their own carrier safety requirements and authorized carriers to haul Amazon loads that didn't meet Amazon's safety requirements. Amazon also turned a blind eye toward the issue of double brokering to increase their capacity. Double brokering is a practice where an authorized carrier working with Amazon rebrokers loads to unauthorized carriers, placing loads and trips into the hands of unvetted and unsafe carriers and unqualified drivers for the purpose of increasing Amazon's logistics capacity. While Amazon's carrier agreement did prohibit double brokering, the safety enforcement mechanisms in place did little to prevent double brokering.

11. In this case Defendant 3Y Trucking LLC was an authorized Amazon carrier in Amazon's Relay Program. Once Amazon approves them as a relay carrier, they are part of Amazon's Relay program and can book and haul loads. To qualify they must meet certain safety, insurance and other requirements, which are monitored by Amazon. For example, if a carrier's insurance expires they are automatically suspended. They then accepted loads and trips from Amazon and double brokered them to Defendant Carrazana Trucking, LLC.

12. On or about January 4, 2024, Plaintiff Jonathan Leyva was traveling northbound, in the center lane of travel, on IH-35 in Williamson County, Texas. Plaintiff was safely and lawfully operating a 2020 Ford F250. Defendant Carrazana Trucking, LLC's employee, Alberto Medina Sarria, acting within the course and scope of his employment, was operating Defendant Carrazana

trucking, LLC's 2013 Volvo VNR and towing a 2022 Wabash National Corp trailer owned by Amazon Logistics, Inc.

13. Defendant Sarria was traveling northbound on IH-35 in the center lane of travel. Defendant Sarria failed to control his speed and suddenly, violently, and without warning, struck the vehicle operated by Plaintiff Jonathan Leyva, the investigating officer with the Department of Public Safety determined that Defendant Sarria was at-fault and issued a citation to Defendant Sarria for failure to control speed. As a result of the collision, Plaintiff sustained serious injuries.

14. At the time of the accident, Defendant Sarria (a) was employed by Defendants Carrazana Trucking, LLC and/or a statutory employee of the Amazon Defendants, (b) was driving a vehicle owned by Defendants Carrazana Trucking, LLC and/or the Amazon Defendants ("Amazon"), and (c) was acting within the course and scope of his employment with Defendants Carrazana Trucking, LLC and/or the Amazon Defendants. At all times material to this incident, Defendant Saria had permission, either express or implied, to operate Defendant Defendants Carrazana Trucking, LLC and/or the Amazon Defendants' vehicles.

## IV. CAUSES OF ACTION

**COUNT I – Negligence of Defendants Carrazana Trucking, LLC, 3Y Trucking, Amazon Logistics, Inc., Amazon.com Services Inc. and Amazon.com Inc.**

15. Plaintiff, Jonathan Leyva, incorporates by reference each and every allegation contained above as though fully set forth herein.

16. Defendant Sarria was an employee of Defendants Carrazana trucking, LLC., 3Y Trucking and/or the Amazon Defendants and was acting within the course and scope of that employment at the time of the accident. As such, Defendants Carrazana trucking, LLC. 3Y Trucking, and/or the Amazon Defendants are vicariously liable for the wrongful acts or omissions of Defendant Alberto Medina Sarria.

17. Defendants Carrazana Trucking, LLC. 3Y Trucking, and/or the Amazon Defendants are engaged in the business of commercial transportation throughout the United States.

18. Defendants Carrazana Trucking, LLC, 3Y Trucking, and/or the Amazon Defendants had a duty to exercise reasonable care in the management and operation of its commercial trucks.

19. Additionally, Defendants Carrazana Trucking, LLC, 3Y Trucking, and/or the Amazon Defendants had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training, retaining, or supervision of its employees.

20. Defendants Carrazana Trucking, LLC, 3Y Trucking, and/or the Amazon Defendants failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its carriers and drivers.

21. Additionally, one or more of the Amazon Defendants were the shipper, broker/hirer, and/or motor carrier for the load and/or trip in question.

22. Amazon Defendants ("Amazon") assigned the load and/or trip to 3Y Trucking, and 3Y Trucking wrongfully and negligently double brokered the load to Carrazana.

23. Amazon owned the trailer towed by Defendant Sarria.

24. Amazon was negligent in assigning loads to authorized carriers like 3Y which did not meet Amazon safety requirements. They were further negligent in allowing unauthorized carriers and unqualified drivers who had accepted double brokered loads from authorized carriers like 3Y, to enter their facilities and haul Amazon trailers for pay, and other acts of negligence to be discovered.

Plaintiff's First Amended Complaint
Page 6 of 11

25. Amazon retained sufficient control over the driver that Amazon is the actual or constructive employer of Sarria, or the carriers and Sarria are the agents of Amazon also making Amazon responsible for the conduct of Sarria.

26. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendants Carrazana Trucking, LLC, 3Y Trucking, and/or Amazon, Plaintiff suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which he seeks relief pursuant to applicable laws.

27. Under 49 C.F.R. § 390.5, Amazon is vicariously liable for Sarria's negligence in operating Amazon's trailer, a commercial motor vehicle.

## COUNT II – Negligence Per Se

28. The allegations alleged above are re-alleged and are incorporated herein by reference.

29. The following acts and/or omissions of Defendants constitute negligence per se by Defendants Carrazana Trucking, LLC, 3Y Trucking, Amazon and Alberto Medina Sarria, jointly and severally, by and through their agents, servants and/or employees action in the course and scope of employment:

   a. Violation of 49 CFR § 392.2 – "Applicable Operating Rules"; and

   b. Violation of Tex. Transp. Code § 545.060 – "Driving on Roadway Laned for Traffic"

30. The unexcused violation of an administrative regulation, statute, or ordinance established to define a reasonably prudent person's standard of care is negligence per se.

## COUNT III – Negligence of Defendant Sarria

31. The allegations alleged above are re-alleged and are incorporated herein by reference.

32. Defendant Sarria was unqualified to operate the tractor-trailer.

33. Defendant Sarria was a professional driver and had a duty to exercise care in the operation of the commercial vehicle, and he breached that duty of care by, intra alia:

   a. Failing to keep a proper lookout;

   b. Failing to take proper evasive action;

   c. Failing to operate his vehicle in a prudent and reasonable manner;

   d. Failing to maintain a proper speed and control under the circumstances;

   e. Failing to maintain a single lane of travel; and

   f. Reckless driving.

34. Defendant Sarria's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

35. As a direct and proximate cause of Defendant Sarria's negligence, Plaintiff Jonathan Leyva sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiff seeks relief for the injuries and damages pursuant to applicable laws.

## COUNT IV – Gross Negligence

36. Plaintiff incorporates all prior paragraphs as if expressly restated herein.

37. Defendants are responsible for the injuries to Plaintiff because of their numerous negligent acts and omissions, and grossly negligent acts and omissions described herein, which proximately caused Plaintiff's injuries and other damages. The negligent and grossly negligent and reckless nature of the irresponsible acts is unambiguous and inexcusable.

## COUNT V – Legal Damages and Recoveries to Compensate Plaintiff

38. At the time of his injuries, Plaintiff Jonathan Leyva was in reasonably good health with a normal life expectancy.

39. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

   a. Reasonable medical care and expenses in the past;

   b. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

   c. Loss of earnings in the past;

   d. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future, which will in all probability, be incurred in the future;

   g. Pecuniary loss in the past;

   h. Pecuniary loss in the future, which will in all probability, be incurred in the future;

   i. And all other legal damages and just and right compensation as allowed both in law and in equity.

40. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiff now sues.

41. Plaintiff, Jonathan Leyva, requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## VI. JURY DEMAND

42. Plaintiff demands trial by jury.

# VII. PRAYER FOR RELIEF

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for judgment as follows:

   a. Medical care expenses of Plaintiff according to proof in the past and in reasonable probability will be incurred into the future;

   b. Past and future loss of earnings and earning capacity of Plaintiff according to proof in the past and in reasonable probability will be sustained into the future;

   c. Loss of household services in the past and in all probability to be incurred into the future;

   d. Non-economic damages for Plaintiff according to proof including as applicable;

   e. Compensation for physical pain in the past and in reasonable probability sustained into the future;

   f. Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

   g. Compensation for loss of earnings and earning capacity and in reasonable probability sustained into the future;

   h. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

   i. Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

   j. As to all Counts and all DEFENDANTS, awarding pre-judgment and postjudgment interest to the Plaintiff according to proof;

   k. As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiff as provided by law; and

   l. As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
David Lesly Jones
Federal ID No. 360459

Plaintiff's First Amended Complaint
Page 10 of 11

Texas Bar No. 24002370
GOWAN LAW GROUP, P.C.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gowanlawgroup.com
djones@gowanlawgroup.com

And

/s/ James B. Ragan
James B. Ragan
Federal ID No. 696
Texas Bar No. 16466100
Law Offices of James B. Ragan
Corpus Christi, TX 78401
Phone: (361) 884-7787
Fax: (361) 884-9144
Jimragan13@gmail.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, a true and correct copy of the foregoing was served upon counsel of record through the electronic service manager pursuant to the Federal Rules of Civil Procedure.

/s/ James B. Ragan
James B. Ragan