IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **GHULAM POPAL, NAJIBA POPAL, and MOHAMMAD SOLIMAN POPAL,** individually and on behalf of the estate of Wajma Popal,<br>　　　　*Plaintiffs*,<br><br>AND<br><br>**NAOUFEL BOUALAOUI**<br>　　　　*Intervenor*,<br><br>v.<br><br>**RELIABLE CARGO DELIVERY, INC., ESTEBAN PADILLA-MENA, and NEXT TRUCKING, INC.,**<br>　　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  P:20-CV-00039-DC<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge David B. Fannin's Report and Recommendation (R&R) filed in the above-captioned cause on January 20, 2021, in connection with the Motion to Remand filed by Intervenor Naoufel Boualaoui (Intervenor) and the First Amended Motion to Remand filed by Plaintiffs Ghulam Popal (Mr. Popal) and Najiba Popal (Ms. Popal) (together, Plaintiffs) on June 15, 2020 and June 16, 2020, respectively. (Docs. 12, 14, 56). Also before the Court are the Objection to the R&R filed by Defendant Next Trucking Inc. (Next Trucking) on February 1, 2021, the Response to the Objection filed by Plaintiffs on February 8, 2021, and the Response to the Objection filed by Intervenor on February 8, 2021. (Docs. 66, 67, 69). After due consideration of the parties' arguments, the record, and the applicable law, the Court **OVERRULES** Next Trucking's Objection (Doc. 66), **ADOPTS IN PART** the R&R (Doc. 56), and **GRANTS** Plaintiffs' and Intervenor's Motions to Remand (Docs. 12, 14).

**I.     BACKGROUND**

This case arises from a fatal car accident that occurred on January 8, 2020, in Reeves County, Texas. (*See* Doc. 1-1 at 14). Defendant Esteban Padilla-Mena (Padilla-Mena) was driving a tractor-trailer owned by Defendant Reliable Cargo Delivery, Inc. (RCD). *Id.* Padilla-Mena was allegedly traveling in the right eastbound lane when he lost control of the tractor-trailer and it drifted across the left eastbound lane, crossed the median, and struck a Nissan Altima driven by Wajma Popal (Wajma) in the westbound lane. *Id.* at 14. Wajma died of injuries sustained in the collision. *Id.* at 16.

Plaintiffs, Wajma's parents, filed suit in the 143rd Judicial District Court of Reeves County, Texas on March 9, 2020.[1] *Id.* at 10. They brought claims against Padilla-Mena, RCD, and Next Trucking. *Id.* at 11–12. The petition filed in state court alleges Next Trucking is the carrier that arranged for the transportation of the load Padilla-Mena was carrying in his tractor-trailer. *Id.* at 19. Specifically, on January 7, 2020, Next Trucking issued a bill of lading to Maruchan, Inc. for the transport of food products to Texas by January 8, 2020. *Id.* at 19–21. Plaintiffs allege Next Trucking arranged for RCD to transport the shipment to Texas. *Id.* at 21.

On March 31, 2020, Intervenor, the surviving spouse of Wajma, filed his original petition in intervention. *See id.* at 38.

Padilla-Mena filed his Answer on April 9, 2020. *Id.* at 75. RCD filed its Answer on April 17, 2020. *Id.* at 83. Both Padilla-Mena and RCD filed Answers to Intervenor's Original Petition in Intervention on May 1, 2020. *Id.* at 95, 102. Next Trucking filed its Answer to Plaintiffs' Original Petition on May 11, 2020. *Id.* at 113. Finally, Next Trucking removed this action to this Court on May 18, 2020. (Doc. 1).

---

1. Plaintiff Mohammad Soliman Popal, on behalf of the state of Wajma Popal, filed the original petition with Plaintiffs but filed a notice of nonsuit in state court on May 6, 2020. (Doc. 1-1 at 110).

On June 15, 2020, Intervenor and Plaintiffs filed Motions to Remand.[2] (Docs. 12, 13). Plaintiffs filed their First Amended Motion to Remand the next day. (Doc. 14). Next Trucking filed responses to the Motions to Remand. (Docs. 18, 19). Plaintiffs and Intervenor filed replies. (Docs. 26, 27).

On January 20, 2021, the Magistrate Judge entered his R&R that addresses both Intervenor's Motion to Remand and Plaintiffs' First Amended Motion to Remand. (*See* Doc. 56 at 2–3). The R&R concludes remand is appropriate because Next Trucking did not properly obtain the consent of the other Defendants and the removal was procedurally defective. *See generally id.* The R&R further concludes that remand is appropriate due to the applicability of an exception to the preemption provisions of the Federal Aviation Administration Authorization Act (FAAAA). *See generally id.*

Next Trucking filed a timely Objection to the R&R. (Doc. 66). Plaintiffs and Intervenor filed Responses to Next Trucking's Objection. (Docs. 67, 69).

## II.   LEGAL STANDARDS

### A. Objections to Report and Recommendation

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party's objections to portions of a report and recommendation entitle him to *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). However, objections must specifically identify those findings or recommendations to which objections are being made. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

2. The Court concluded Plaintiffs' Motion to Remand was moot due to the filing of their First Amended Motion to Remand. (*See* Text Order of October 1, 2020).

Proposed findings and recommendations to which no objections were filed are reviewed for plain error. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

**B. Motion to Remand**

Title 28, United States Code, Section 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. This case was removed under § 1441(c) on the basis that the case involves a federal question. (*See* Doc. 1). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded-complaint rule governs whether a case arises under federal law for purposes of § 1331. *See Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127–28 (1974) (per curiam). Accordingly, a federal question exists only where federal law is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The federal question "must be disclosed upon the face of the complaint, unaided by the answer." *Id.* And, "the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond the statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id.*

Further, "[f]ederal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 373, 377 (1994). Accordingly, they are "constrained to adjudicate only those cases within the parameters of the jurisdiction vested in [them] by the Constitution and the Congress." *Cross Cnty. Water Supply Corp. v. Ausley*, No. A-09-CA-660-SS, 2009 WL 10699599, at *2 (W.D. Tex. Oct. 19, 2009). Federal district courts must begin with a presumption "that a suit lies outside this limited jurisdiction, and the burden of establishing

federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)

### III. DISCUSSION

Next Trucking raises two objections to the R&R. (*See generally* Doc. 66). First, it argues that it was not required to obtain the consent of Padilla-Mena and RCD under an exception to the rule of unanimity. *Id.* at 2–3. Next, it argues that the Court should decline to remand this case based on the FAAAA's broker preemption provision. *Id.* at 3–5.

The Court first notes the case was removed under § 1441(c), not 1441(b).[3] (*See* Doc. 1 ¶¶ 2, 10). Removal under § 1441(c) only requires the "defendants against whom a claim" that arises under federal law has been asserted "to join in or consent to the removal under [§ 1441(c)(1)]." 28 U.S.C. § 1441(c)(2). The allegation in this case is that Plaintiffs' and Intervenor's claims against Next Trucking[4] arise under federal law. (*See* Doc. 1). Accordingly, Next Trucking is allowed to remove the case to federal court without obtaining RCD's and Padilla-Mena's consent, so long as Plaintiffs' claims against it raise a federal question.

Next Trucking contends that, as a broker, it is subject to the FAAAA and that the FAAAA mandates that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any . . . broker or freight forwarder with respect to the transportation of property[,]" citing 49 U.S.C. § 14501(c)(1). (Doc. 1 at 2). Accordingly, it is Next Trucking's position that Plaintiffs' tort claims against it are preempted under the FAAAA. If that is the case, Plaintiffs' claims against Next Trucking assert a federal question and the Court must retain jurisdiction of the instant case. However, if Plaintiffs'

---

3. The Court rejects the R&R to the extent that it is not consistent with this conclusion.
4. Hereinafter, when discussing Plaintiffs' claims, the Court incorporates the causes of action asserted by Intervenor.

5

claims against Next Trucking are not preempted, the Court lacks federal question jurisdiction and must remand the case to state court.

The R&R finds the state common law claims against Next Trucking are preempted but the safety exception applies. Accordingly, Plaintiffs' claims against Next Trucking are not preempted, and the Court must remand the case to state court.

The Court will not restate the law on the FAAAA's preemption provision and safety regulation exception as it is carefully detailed in the R&R, and the parties do not challenge the analysis provided therein concerning the split in authority on the issue. Further, Next Trucking does not appear to challenge the Magistrate Judge's conclusion that the claims are preempted. (*See* Doc. 66 at 3) (requesting that the Court follow *Gillum*'s holding that the negligence claims were preempted and no exception existed). Rather, Next Trucking urges the Court to follow *Gillum*, a case out of the Western District of Texas, San Antonio Division, and hold the safety regulation exception to preemption does not apply to Plaintiffs' claims against Next Trucking. *Id.* at 4. Next Trucking maintains the analysis in *Gillum* is "extensive, well-reasoned, and on par with the analysis performed by the Ninth Circuit in *Miller*[.]" *Id.* at 3–4. However, Next Trucking also opines that the Ninth Circuit's consideration of the safety regulation exception is flawed because it "fails to address how saving state common law claims from the preemption provision will lead to a *more* cohesive national legal framework, given that each state would be free to apply their common law to claims against brokers uniquely and independently from every other state." (Doc. 66 at 4) (emphasis in original). Further, Next Trucking argues the extensive conflict of authority on the safety regulation exception issue favors the conclusion that the Court has federal question jurisdiction over the claims asserted against it. *Id.* at 5–6.

6

First, the Court rejects Next Trucking's argument that a conflict of authority renders retaining jurisdiction the better approach. The Court must begin with the presumption that the lawsuit is outside its limited jurisdiction. *Kokkonen*, 511 U.S. at 377.

Second, the Court has reviewed the reasoning in *Miller* and *Gillum* and finds *Miller* the more persuasive authority. Specifically, the Court agrees with the Ninth Circuit's discussion of the safety regulation exception in *Miller* and similar discussion by district courts holding the safety regulation exception must be interpreted broadly and that the state's safety regulatory authority encompasses common law claims. *See Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 515 (N.D. Tex. 2020); *see also Grant v. Lowe's Home Ctr.*, No. 5:20-02278-MGL, 2021 WL 288372, at *3–4 (D.S.C. Jan. 28, 2021) (adopting the Ninth Circuit's reasoning in *Miller* and noting "common law liability has formed the bedrock of state regulation, and common law claims have been described as a 'critical component of the States' traditional ability to protect the health and safety other their citizens'" (quoting *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 86 (2d Cir. 2006)); *Mendoza v. BSB Transp., Inc.*, No. 4:20 CV 270 CDP, 2020 WL 6270743, at *3 (E.D. Mo. Oct. 26, 2020) (agreeing that "common law negligent brokering claims exist as 'a valid exercise of the state's police power to regulate safety'"). For these reasons, the Court declines Next Trucking's request that it adopt the narrow construction of the exception proposed in *Gillum* and overrules Next Trucking's objection to the R&R.

In sum, the Court adopts the R&R's conclusion that Plaintiffs' state common law claims against Next Trucking are not preempted under the FAAAA because the safety regulation exception applies. Therefore, Plaintiffs' and Intervenor's state common law claims against Next Trucking do not present a federal question, and the Court lacks federal question jurisdiction over the claims asserted against Next Trucking.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Next Trucking's Objection (Doc. 66), **ADOPTS IN PART** the R&R (Doc. 56), and **GRANTS** Plaintiffs' and Intervenor's Motions to Remand. (Docs. 12, 14).

Accordingly, the case is **REMANDED** to the 143rd Judicial District Court of Reeves County, Texas.

It is so **ORDERED**.

SIGNED this 10th day of March, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE