IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DENISA BROWN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:23-CV-002-Z-BR |
| | § | |
| ANTHONY MINNAAR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO GRANT PLAINTIFFS' MOTION TO REMAND
AND DENY DEFENDANT ARL LOGISTIC'S MOTION TO DISMISS**

Before the Court is the Motion to Remand filed by Plaintiffs Denisa Brown, Dustin Brown, and Hannah Brown ("Plaintiffs"), with a brief in support. (ECF 14, 14-1). ARL Logistics, LLC ("ARL") filed a Response to the Motion, (ECF 19), to which Plaintiffs filed a Reply, (ECF 29). Also before the Court is ARL's Motion to Dismiss with brief in support, (ECF 4), the Response filed by Plaintiffs (ECF 12), and Reply filed by ARL (ECF 16).

This Court has reviewed all the arguments of the parties set forth in these documents, as well as ARL's Notice of Removal (ECF1), Plaintiffs' Original Petition, (ECF 1-3 at 3–22), and all other relevant filings. For the reasons explained below, the Court recommends that the Motion to Remand be GRANTED.

ARL's Motion to Dismiss (ECF 4) is also pending before the Court. The undersigned recommends that the Motion to Dismiss be denied without prejudice as moot in light of the undersigned's recommendation that Plaintiffs' Motion to Remand be granted.[1]

---

[1] The Court notes that a remand to state court for lack of subject matter jurisdiction does not operate as an adjudication on the merits. *See, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004)

## I. BACKGROUND

On October 31, 2022, Plaintiffs initiated the instant case by filing their Original Petition in the 69th Judicial District Court of Dallam County, Texas. (ECF 1-3 at 10–20). Plaintiffs' Original Petition brings claims of negligence, negligence per se and respondent superior, as well as negligent entrustment, hiring, supervision, training, retention and/or selection, and gross negligence against one or more of Defendants Anthony Minnaar, RD Trans, LLC, ARL, TILI Logistics Corporations d/b/a TILI Transport ("TILI"), and J.B. Hunt Transport, Inc. ("J.B. Hunt") (collectively, "Defendants"). *Id.*

This suit arises out of a November 4, 2022 motor vehicle collision that caused the death of Curtis Brown. (ECF 1-3 at 13). Mr. Brown was traveling southwest on Highway 54 in Dallam County, Texas when a northeast-bound tractor trailer driven by Minnaar entered the southwest lane of travel resulting in a head-on collision. (*Id.* at 13–14). Plaintiffs allege that RD Trans owned the tractor trailer that was hauling property belonging to J.B. Hunt. (*Id.*). Further, Plaintiffs allege that Minnaar was operating for the benefit of or under the direction and control of RD Trans, ARL, TILI, and/or J.B. Hunt. (*Id.* at 14). Among other things, Plaintiffs allege that ARL, TILI, and/or J.B. Hunt "failed to exercise ordinary care in, among other things, selecting, hiring, screening, training, supervising, managing, monitoring, and retaining" Minnaar and/or RD Trans. (*See e.g. id.* at 18).

On January 4, 2023, ARL removed the case to this Court, pursuant to 28 U.S.C. §§ 1331, 1337, 1441 and 1446, on the basis of federal question jurisdiction. (ECF 1 at 7). Within the Notice of Removal, ARL alleges that the removal was (1) timely and (2) proper based on complete

---

("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.").

preemption under the Federal Aviation Administration Authorization Act ("FAAAA") (*see* 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1)), as well as (3) original jurisdiction establishing federal issues pursuant to 28 U.S.C. § 1337. (*Id*. at 7–18).

On February 3, 2023, Plaintiffs filed a Motion to Remand on the ground that (1) removal was not timely, (2) the federal question raised by ARL was not presented on the face of Plaintiffs' well-pleaded complaint, and (3) removal was not proper because Plaintiffs did not allege that ARL was solely a broker, and even if it is determined to be solely a broker, federal preemption does not apply to the claims presented. (ECF 14). ARL filed a response in opposition to Plaintiffs' Motion to Remand (ECF 19), and Plaintiffs filed a Reply in support of their motion (ECF 29).

Specifically, this Court must determine whether state law tort claims against a freight broker are preempted by the FAAAA. For the following reasons, the undersigned finds that these claims are not preempted and RECOMMENDS that the Motion to Remand (ECF 14) be GRANTED and the Motion to Dismiss (ECF 4) be DENIED as moot.

## II. STANDARD OF REVIEW

A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Jurisdiction arising under federal law exists only where it is apparent "upon the face of the complaint, unaided by the answer." *Phillips Petro. Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28, 94 S. Ct. 1002, 39 L. Ed. 2d 209 (1974); *see also Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1988). Under the well-pleaded complaint rule, federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim. *See, e.g. id*. An exception

to the well-pleaded complaint rule, however, is complete preemption. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330-31 (5th Cir. 2008). Only complete preemption creates federal removal jurisdiction. *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000).

District courts must remand a case if, at any time before final judgment it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). The removal statute raises significant federalism concerns and is subject to strict construction; any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The party seeking federal jurisdiction bears the burden of showing it exists. *See generally id*. "Upon removal, the federal pleading standards control." *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018).

### III. ANALYSIS

The undersigned finds that (1) removal was timely and (2) the state law tort claims against a freight broker are not completely preempted by the FAAAA and RECOMMENDS that the Motion to Remand (ECF 14) be GRANTED and the Motion to Dismiss (ECF 4) be DENIED as moot.

### A. TIMELINESS OF REMOVAL

ARL is a foreign entity doing business in Texas. (ECF 1 at 7). The Texas "long arm" statute establishes that "[t]he secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process." Tex. Civ. Prac. & Rem. Code Ann. § 17.044 (West).

When the secretary of state receives copies of process for a nonresident, it is then directed to "immediately mail a copy of the process to the nonresident at the address provided." Tex. Civ. Prac. & Rem. Code § 17.045(a). Removal to federal court must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C.A. § 1446 (West).

Plaintiffs' Original Complaint was filed in Dallam County, Texas on October 31, 2022, and summons were issued to ARL. (ECF 1-3 at 6–22). A copy of the process was received by the secretary of state on November 8, 2022. (ECF 1-3 at 5–6). The secretary of state forwarded process on December 5, 2022. (ECF 1-3 at 5). ARL received process on December 9, 2022. (ECF 1 at 8). ARL filed its Notice of Removal (ECF 1) on January 4, 2023—57 days after Plaintiffs provided process to the secretary of state, 30 days after the secretary of state forwarded process to ARL, and 26 days after ARL purportedly received process.

A claim of jurisdiction based on a federal question must be raised within 30 days after ARL was served, in compliance with the time requirements in 28 U.S.C. § 1446(b). Proof of service under the long arm statute can be satisfied by a certificate from the secretary of state. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973). In *Whitney*, the Texas Supreme Court found that certification from the secretary of state that process was forwarded to the defendant was necessary to establish service. *Whitney*, 500 S.W.2d at 96 (finding that, consistent with justice and due process, "the Secretary of State is to be deemed the defendant's agent if, or provided, he forwards the service as required by the statute"); *see also Buffalo Pats., LLC v. ZTE Corp.*, 605 F. Supp. 3d 917, 925 (W.D. Tex. 2022). Therefore, serving the secretary of state alone is not sufficient to give the defendant notice under Texas law; only *after* a certificate is generated is service valid and complete. *Buffalo Pats.,*

605 F. Supp. 3d at 925 (collecting cases)[2]; *see also Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399 (Tex. 1986)("proof of service under this 'long-arm' statute can be satisfied by a certificate from the Secretary of State").

The undersigned finds that service was effected on ARL, not on November 8, 2022 (the date on which the secretary of state received process), but on December 5, 2022 (the date on which the secretary of state forwarded process to ARL). ARL filed notice of removal on January 4, 2022, within 30 days of process being remitted by the secretary of state. Therefore, the undersigned finds ARL's Notice of Removal was timely filed.

### B. COMPLETE PREEMPTION

ARL argues that, due to its status as a freight broker,[3] Plaintiffs' common-law negligence claims are completely preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), an amendment to the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501 (referred to jointly, herein, as "FAAAA"). (ECF 1 at 9–10).

Section 14501(b) of the FAAAA states that "no State or political subdivision thereof and no intrastate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." 49 U.S.C. § 14501(b).

---

[2] *See e.g., WTW Americas, Inc. v. Systems Integration, Inc.*, 221 S.W.3d 744 (Tex. App.—Waco 2007, no pet.); *Redwood Group, L.L.C. v. Louiseau*, 113 S.W.3d 866 (Tex. App.—Austin 2003, no pet.); *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

[3] Plaintiffs contend that their "complaint does not allege that ARL[] was a broker, but rather that ARL is a motor carrier for the shipment and an employer/statutory employer of Minnaar," and that "additional discovery is necessary to clarify the fact intensive issues as to each parties' role." (ECF 14 at 8, 12–13). Even assuming ARL acted as a broker, the undersigned finds that the FAAAA is not completely preemptive of such claims; thus, whether ARL acted as a broker or a motor carrier is not addressed herein.

Section 14501(c), which applies to motor carriers of property, states in relevant part:

(1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4) [49 USCS § 41713(b)(4)]) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

(2) Matters not covered. Paragraph (1)—

(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization;

49 U.S.C.S. § 14501(c).

To determine if a given state law claim is "complete[ly] preempted" by a competing federal law, the main inquiry is whether congress intended the federal cause of action to be the exclusive cause for the given claims asserted under state law. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008). Complete preemption should be applied narrowly. *Johnson*, 214 F.3d at 632. Complete preemption occurs when the federal statute "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Id.* at 331 (internal quotations omitted). Only complete preemption creates federal removal jurisdiction. *Johnson*, 214 F.3d at 632. Anything less—i.e., conflict preemption—does not. *Id.* To date, the United States Supreme Court has found complete preemption only three times. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) (indicating that the Supreme Court had found complete preemption under the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act).

Thus, in order for this case to be removable, the state law claims for negligent entrustment,

7

wrongful death and vicarious liability against ARL must be completely preempted.

1. **Analogous higher court precedent suggests no preemption.**

The Supreme Court and the Fifth Circuit have yet to explicitly address whether the FAAAA preemption clauses encompass negligence or negligent-hiring claims in personal injury suits against brokers. The Ninth Circuit is the only circuit court that has directly addressed this question, holding that while common law negligence claims do "relate to" a broker's prices, routes, and services, such claims were not preempted because they fall within the scope of Section 14501(c)(2)'s "safety exception." *See Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1026 (9th Cir. 2020).

The Fifth Circuit has ruled against total preemption when addressing similar preemption claims. *See e.g., Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011); *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995). In *Elam,* the court held a negligence claim by a motorist who collided with a train was not preempted by the ICCTA because "the effects of state negligence law on rail operations are merely incidental." *Id.* Furthermore in *Hodges,* the Fifth Circuit held that personal injury claims under a similar statute—the Airline Deregulation Act— are not preempted because there was no indication that "Congress intended to displace the application of state tort law to personal injury inflicted by aircraft operations." *Id.*

Following the reasoning found in *Elam* and *Hodges*, the undersigned finds that Texas state law negligence claims are "merely incidental" to the liability of brokers. *Elam*, 635 F.3d at 813; *Hodges*, 44 F.3d at 338. Further, courts assume that the historic police powers of the States were not to be superseded by a given federal law "unless that was the clear and manifest purpose of Congress." *Hodges*, 44 F.3d at 338. There is no indication that Congress "intend to supersede the historic police powers of the states to protect the health and safety of their citizens." *Elam*, 635

8

F.3d at 813 (internal quotations omitted) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). Rather, Congress carved out an exception for safety regulations. *See* 49 U.S.C. § 14501.

## 2. District Courts are split on whether claims like common law negligence are completely preempted by the FAAAA.

District courts, on the other hand, are split on whether claims like those at issue here are "related to" broker services or otherwise fall into the state's safety regulatory authority.[4] The Northern District of Texas is itself split on this issue. *Compare*, *Chatelaine, Inc. v. Twin Modal, Inc.,* 737 F. Supp. 2d 638, 642 (N.D. Tex. 2010) (Lindsay) (holding state law claims other than breach of contract are preempted) with, *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 516 (N.D. Tex. 2020) (Godbey) (holding negligence and negligent-hiring claims are not preempted) and *Gerred v. FedEx Ground Packaging Sys., Inc.*, No. 4:21-CV-1026-P, 2021 WL 4398033, at *3 (N.D. Tex. Sept. 23, 2021) (Horan) report and recommendation adopted, No. 3:21-CV-1464-L, 2022 WL 270857 (N.D. Tex. Jan. 28, 2022) (Lindsay) (holding that the FAAAA does not preempt all state law claims).

As shown by *Lopez* and *Gerred*, the more recent cases in this district weigh in favor of finding that the FAAAA does not preempt all state law claims against freight brokers. Both of those cases were remanded to state court. It should be noted that in *Lopez* the court assumed—but

---

[4] Compare *Scott v. Milosevic*, 372 F. Supp. 3d 758, 769–70 (N.D. Iowa 2019) (holding that personal injury claims alleging negligence are not "related to" broker services), with *Loyd v. Salazar*, 416 F. Supp. 3d 1290, 1295–98 (W.D. Okla. 2019) (holding that such claims are "related to" broker services), *and Creagan v. Wal-Mart Transp., LLC*, 354 F. Supp. 3d 808, 813 (N.D. Ohio 2018) (same).

Authority from Texas district courts also supports a finding against total preemption and in favor of remand in a case like this. *See e.g., Cruz Miguel Aguina Morales v. Redco Transp. Ltd.,* No. 5:14-CV-129, 2015 WL 9274068, at *3 (S.D. Tex. Dec. 21, 2015) (holding explicitly that personal injury claims are part of a state's safety regulatory authority); *Popal v. Reliable Cargo Delivery, Inc.*, No. P:20-CV-00039-DC, 2021 WL 1100097, at *4 (W.D. Tex. Mar. 10, 2021) (same); *Reyes v. Martinez*, No. EP-21-CV-00069-DCG, 2021 WL 2177252, at *7 (W.D. Tex. May 28, 2021) (holding common law tort claims do not "relate to" brokers' prices routes or services.)

did not decide—that negligent hiring claims "related to" interstate services, yet those claims were still not preempted under the safety exception. *See Lopez,* 458 F. Supp. 3d at 514. The *Gerred* court reasoned somewhat differently that Congress was not explicit enough in the language of the FAAAA to find that that act forcibly preempted all state law claims. *Gerred,* 2021 WL 4398033 at *3. In the alternative, the court held the safety exception would apply to deny preemption and force remand. *Id.*

Thus, the balance of authority weighs against complete preemption and in favor of remand in the instant case. Furthermore, because removal implicates federalism concerns, any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (*citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Remand (ECF 14) filed by Plaintiffs be GRANTED.

It is further RECOMMENDED that Plaintiffs be DENIED "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), because Defendant ARL had an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

It is further RECOMMENDED that the Motion to Dismiss (ECF 4) filed by Defendant ARL be DENIED without prejudice as moot.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 22, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).