IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOUIS J. MEEK, | § |
| *Plaintiff*, | § |
| and | § |
| MAKAYLA FITZGERALD | § |
| *Intervenor-Plaintiff*, | § CIVIL ACTION NO. 2:21-cv-0324-RSP |
| v. | § |
| ALAMJIT TOOR, AVNOOR TRANSPORT INC., and KEYSTONE LOGISTICS, INC. | § |
| *Defendants*. | § |

**MEMORANDUM ORDER**

Before the Court is Keystone Logistics, Inc.'s Motion for Summary Judgment. (Dkt. No. 84.) Keystone argues that Plaintiff's negligence claims against Keystone are preempted by federal law and also that no competent evidence supports such claims. For the reasons provided below, the Court **DENIES** the Motion.

**I.      BACKGROUND**

This action arises out of a motor vehicle accident involving dismissed defendants Alamjit Toor and Avnoor Transport. (Mot. at 1.) Plaintiff contends Keystone is also liable for this incident based on its negligent hiring of Avnoor Transport to ship a load of cabbages. (*Id.*)

**II.     LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. ANALYSIS

#### A. FEDERAL PREEMPTION

Keystone argues that Plaintiff's state-law negligence claim is preempted by 49 U.S.C. §§14501(b)(1), (c)(1). (Mot. at 2.) Those sections provide:

> . . . no State or political subdivision thereof a . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law

> relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker.
> §14501(b)(1)

> . . . a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier, . . . broker, or freight forwarder with respect to the transportation of property.
> §14501(c)(1)

Keystone argues the Supreme Court precedent in *Rowe v. N.H. Motor Transp. Ass'n*, 522 U.S. 364, 370 (2008) requires that this preemption should be read broadly. (Mot. at 3.) Keystone contends this broad preemption impacts state laws that only indirectly affect the price, route, or services of a freight broker, including state law claims of negligent hiring. (*Id*.) In support of this argument, Keystone contends that several other courts have ruled this way. (*Id*. at 4.)

Plaintiff's opposition is largely unhelpful on this issue. (*See* Opp.) Rather than clearly addressing Keystone's preemption argument, Plaintiff instead argues that Keystone should be liable under §411 Restatement (Second) of Torts. (*See* Opp. at 7-9.)

The Court is not convinced 49 U.S.C. §14501 preempts Plaintiff's claims here.

This preemption issue is not one of first impressions, rather our sister courts across the country have largely decided this issue in one of three ways: finding the preemption language of §14501 does not cover claims of negligent hiring; the preemption language does cover such claims but the claims fall under the safety exception of §14501(c)(2); or that the preemption language covers such claims and they do not fall under the safety exception. *See Bertram v. Progressive Se. Ins. Co.*, No. 2:19-CV-01478, 2021 WL 2955740, at *2 (W.D. La. July 14, 2021) (collecting cases).

The Supreme Court "has cautioned that § 14501(c)(1) does not preempt state laws affecting carrier prices, routes, and services in only a tenuous, remote, or peripheral ... manner." *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 252, 133 S. Ct. 1769, 1773, 185 L. Ed. 2d 909 (2013)

3

(internal citations removed). The courts finding negligent hiring is preempted generally find enforcement "would have a direct and substantial impact on the way in which freight brokers hire and oversee transportation companies [and] would hinder this objective of the FAAAA." *See Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857, at *3 (N.D. Ill. Oct. 26, 2017). Courts finding no preemption find state negligent hiring claims bear only a tenuous relationship to "services" provided by brokers, and that Supreme Court precedent acknowledges preemption of traditional state court claims is unlikely. *Seev Montes de Oca v. El Paso-Los Angeles Limousine Exp., Inc.*, No. CV 14-9230 RSWL MANX, 2015 WL 1250139, at *1 (C.D. Cal. Mar. 17, 2015) (citing *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 251 (1984)); *see also Mann v. C. H. Robinson Worldwide, Inc.*, No. 7:16-CV-00102, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017).

The Court is not convinced by the rationale that hiring and oversight of transportation companies is so central to the services of freight brokers that negligent hiring claims would significantly impact the services of a freight broker. "[T]he breadth of the words 'related to' does not mean the sky is the limit." *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260, 133 S. Ct. 1769, 1778, 185 L. Ed. 2d 909 (2013). While hiring is broadly "related to" the services of a freight broker, so too is everything a freight broker does. The Court does not find hiring and oversight of transportations companies has such particular relevance to the services of a freight broker that any tort happening to touch that process is preempted here.

However, even if negligent hiring fell under the purview of the preemption clause, it would also fall under the safety regulation exception. §14501(c)(2) provides preemption does not cover "the safety regulatory authority of a State with respect to motor vehicles. . ." "Case law . . . has on the whole given a broad construction to the safety regulation exception" of §14501. *VRC LLC v.*

*City of Dallas*, 460 F.3d 607, 612 (5th Cir. 2006). Considering, as applied to the case at hand, negligent hiring is a tort doctrine concerning the safety of the public, and that the safety regulatory exception is to be read broadly, the Court sees no reason why it would not apply to except Plaintiff's claim.

Having found there is no preemption, the Court need not decide whether Keystone is a freight broker that might fall under the cited statute. Further, as Keystone's motion was filed well before the close of discovery, it would be untimely to make such a determination on this record. *See* Dkt. No. 103.

### B.  EVIDENCE OF NEGLIGENCE

In addition to preemption, Keystone argues Plaintiff has no competent evidence to prove the essential elements of the negligent hiring claim. (Mot. at 6.)

First, Keystone contends no duty exists for Keystone to have violated. (*Id*. at 6-7.) In addition to preemption, Keystone argues that §411 Restatement (Second) of Torts upon which Plaintiff basis its claim has never been adopted as Texas law and thus plaintiff cites not legal duty owed by Keystone. (*Id*. at 7.)

Second, Keystone contends there is no evidence to show Keystone knew or should have known Avnoor Transport was incompetent. (*Id*.) Likewise, Keystone argues there is no evidence that Plaintiff was injured because of Avnoor Transport's incompetence or Keystone's disregard for the same. (*Id*. at 8.)

Plaintiff argues that Texas recognizes a cause of action for the negligent hiring of an independent contractor. (Opp. at 8.) Plaintiff cites a variety of state court cases for this theory. (*See id*.) Plaintiff further identifies the Federal Motor Carrier Safety Regulations and manuals discussing the various responsibilities in play. (*Id*. at 10-11.)

Plaintiff further argues its expert, Roger Allen, found Keystone failed to vet Avnoor and Avnoor had no safety rating and thus Keystone violated the relevant duty of care. (*Id*. at 7.) Plaintiff further provides that Avnoor's disregard for public safety, which should have prevented Keystone's hiring of Avnoor, resulted in the injury to Plaintiff. (*Id*. at 11-12.)

The Court finds that Keystone has failed to show its motion for summary judgment should be granted. First, Texas recognizes the tort of negligent hiring, including for an independent contractor and thus a duty for Keystone to violate. *See Adhikari v. KBR Inc.*, No. 4:16-CV-2478, 2017 WL 4237923, at *10 (S.D. Tex. Sept. 25, 2017). Second, Plaintiff has provided evidence that, when viewed in the light most favorable to Plaintiff, would show Keystone violated its duty by failing to vet Avnoor and that but for that violation Plaintiff would not have been injured.

## IV.  CONCLUSION

For the reasons discussed above, Keystone's motion for summary judgment is **DENIED**.

**SIGNED this 5th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE