FILED
March 28, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ATLAS TRANSPORT, LLC, TOTAL QUALITY LOGISTICS, LLC, IMERYS FILTRATION MINERALS, INC., AND OFELIO JUVENTINO LEAL-VASQUEZ,<br><br>Defendants. | CIVIL NO. SA: 5:23-CV-00471-OLG |

## ORDER

Pending before the Court is Defendant Total Quality Logistics, LLC's Motion to Dismiss pursuant to Rule 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure (Dkt. No. 4), filed on April 21, 2023, and Defendant Imerys Filtration Minerals, Inc.'s Motion to Dismiss pursuant to Rule 12(b)(2) and (6) (Dkt. No. 6), filed on April 21, 2023. Plaintiff has failed to respond. The Court issued an order on November 28, 2023, ordering Plaintiff to show cause as to why the motions should not be granted on the merits or as unopposed within seven days (Dkt. No. 11). Plaintiff has failed to comply with the Court's order. Having considered the record and relevant law, the Court will grant both motions.

## BACKGROUND

Defendant Imerys Filtration Minerals, Inc. ("Imerys") hired Defendant Total Quality Logistics, LLC ("TQL")[1] as a broker to arrange a carrier to transport Imerys' goods FOB in Washington to a warehouse in Texas. Dkt. No. 6 at 1. TQL contracted with Defendant Atlas Transport, LLC ("Atlas") to complete the transportation. *Id.* at 2. The dispute arises out of a car

---

[1] Both TQL and Imerys will be collectively referred to as "Defendants" for purposes of this order.

accident in March of 2021 on Interstate 10 in Sonora, Texas. Plaintiff's Second Amended Petition ("Complaint"), Dkt. No. 1-6, at ¶ 10. Plaintiff alleges that he was struck on the passenger side of his vehicle by Defendant Ofelio Juventino Leal-Vasquez ("Leal-Vasquez"), who was driving a 2015 Freightliner Cascadia 125 during the course and scope of his employment for Atlas. *Id.* at 10–11. Plaintiff filed his Complaint in Bexar County District Court on March 2, 2023 claiming (1) negligent contracting, (2) negligent hiring, (3) negligent training, and (4) negligent supervision against TQL and Imerys. *See id.* at ¶¶ 23(a)–(d), 26(a)–(d). Imerys removed this matter to federal court on April 14, 2023. Dkt. No. 1.

## DISCUSSION

### I. Rule 12(b)(1) Preemption

#### A. *Legal Standard*

Complete preemption is distinct from ordinary preemption, which constitutes a defense but does not provide federal jurisdiction. *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) ("Complete preemption, which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also known as 'conflict preemption') which does not."); *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 950 n.3 (E.D. Tex. 2011) (citing *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004) (conflict preemption is "merely an affirmative defense and does not operate to confer subject matter jurisdiction.")).

#### B. *Analysis*

TQL relies upon Section 14501(c)(1) of the Federal Aviation Administration Authorization Act (FAAAA) to argue that all negligence claims against it must be dismissed because all are preempted. Dkt. No. 4. Section 1451(c)(1) states that no state may "enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service

2

of any motor carrier…or any motor private carrier, **broker**, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1) (emphasis added); Dkt. No. 4 at 6. The statute also contains a safety exclusion, which excludes from preemption "the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A).

Both the Supreme Court and the Fifth Circuit have yet to address whether the FAAAA preemption clauses encompass negligence or negligent-hiring claims in personal injury suits against brokers, as is the issue here. Furthermore, a circuit split exists on this very issue. The Ninth Circuit has held that while "there is no question that common-law claims are within the scope of the preemption clause," the Circuit also determined the safety exclusion controlled because "the safety regulatory authority of a State encompasses common-law tort claims." *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1025–26 (9th Cir. 2020). By contrast, the Seventh and Eleventh Circuit have found that the safety exclusion does not preserve common law negligence claims against brokers. *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 460 (7th Cir. 2023); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1272 (11th Cir. 2023).

More recent trends from Texas district courts support a finding against preemption regarding common law tort claims. *See e.g.*, *Reyes v. Martinez*, No. EP-21-CV-00069-DCG, 2021 WL 2177252, at *7 (W.D. Tex. May 28, 2021) (holding common law tort claims do not "relate to" brokers' prices, routes, or services); *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 516 (N.D. Tex. 2020) (holding negligence and negligent-hiring claims are not preempted); *Gerred v. FedEx Ground Packaging Sys., Inc.*, No. 4:21-CV01026-P, 2021 WL 4398033, at *3 (N.D. Tex. Sept. 23, 2021) report and recommendation adopted, No. 3:21-CV-1464-L, 2022 WL 270857 (N.D. Tex. Jan. 28, 2022) (holding that FAAAA does not preempt all state law claims); *Cruz Miguel Aguina Morales v. Redco Transp. Ltd.*, No. 5:14-CV-129, 2015 WL 9274068, at *3 (S.D.

Tex. Dec. 21, 2015) (holding that personal injury claims are part of a state's safety regulatory authority); *Popal v. Reliable Cargo Delivery, Inc.*, No. P:20-CV-00039-DC, 2021 WL 1100097, at *4 (W.D. Tex. Mar. 10, 2021) (same). Thus, the balance of authority weighs against preemption.

## II. Rule 12(b)(2) Personal Jurisdiction

### *A. Legal Standard*

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Redzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Thus, a forum court must have personal jurisdiction over a defendant, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007), and "personal jurisdiction must exist for each claim asserted against [each] defendant." *Matassarin v. Grosvenor*, No. SA-12-CA-913-RP, 2015 WL 12734756, *7 (W.D. Tex. May 15, 2015).

Under the federal rules, except where a federal statute provides for broader personal jurisdiction, the district court's personal jurisdiction is coterminous with that of a court of general jurisdiction of the state in which the district court sits. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001). A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (i) the forum state's long-arm statute confers personal jurisdiction over that nonresident defendant and (ii) the exercise of personal jurisdiction satisfies due process under the United States Constitution. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (*citing Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)). The Texas long-arm statute permits jurisdiction to the limits of federal due process. *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

4

Personal jurisdiction can be satisfied by either "general" or "specific" jurisdiction. *Mink v. AAAA Dev., LLC,* 190 F.3d 333, 336 (5th Cir. 1999). "Where a defendant 'has continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against the defendant" regardless of whether the action is related to the forum contacts. *Luv n' Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 (1984)). An out-of-state defendant that merely does business with Texas businesses or customers will not be subject to general jurisdiction if it does not have affiliations with Texas that at least approximate a "physical presence" such that it is "at home" in the forum. *Frank v. PNK (Lake Charles) L.L.C.,* 947 F.3d 331, 339 (5th Cir. 2020); *see also Access Telecom., Inc., v. MCI Telecomms. Corp.,* 197 F.3d 694, 717 (5th Cir. 1999).

On the other hand, if the defendant has relatively few contacts with the forum state, the court may still exercise specific personal jurisdiction over that party if the suit "aris[es] out of or [is] related to the defendant's contacts with the forum." *Luv n' Care,* 438 F.3d at 469; *Helicopteros,* 466 U.S. at 414 & n.8. "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore,* 571 U.S. 277, 283 (2014) (internal quotations and alterations omitted). Further, there must be a relationship between the plaintiff's claims and the defendant's contacts, and that relationship "must arise out of contacts that the 'defendant himself' creates with the forum State.'" *Id.* at 284 (*citing Burger King,* 471 U.S. at 475).

5

Finally, in evaluating the merits of a Rule 12(b)(2) motion, the "court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert denied*, 513 U.S. 930 (1994)).

### *B. Analysis*

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., LLC*, 717 Fed. Appx. 394, 395–96 (citing *Luv n' Care*, 438 F.3d at 469). As set forth below, the Court may exercise personal jurisdiction over Defendants.

### i. General Jurisdiction.

For general jurisdiction, the "paradigm forum" is that where a corporation is considered to be "at home." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 255–56 (2017) (citations omitted). The Supreme Court has indicated that a corporation's "home"—for the purposes of general jurisdiction—*generally* is located in (1) the state of incorporation and (2) the state where it has its principal place of business. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). "[T]he general jurisdiction inquiry is not whether a foreign corporation's in-forum contacts can be said to be in some senses continuous, [but instead] whether the corporation's affiliations with the state are so continuous and systematic as to render it essentially at home in the forum State." *Frank*, 947 F.3d at 337 (internal quotations and alterations omitted).

***TQL.*** The record indicates that TQL "is a foreign, for-profit, Ohio limited liability company doing business in the state of Texas…" Complaint, at ¶ 5; *see also* Dkt. No. 6 at 11. The

only business in the state of Texas reflected in the record is that TQL contracted with Atlas in some capacity to ship goods to Texas. Dkt. No. 6 at 11. TQL and the Plaintiff provide no additional information or facts for the Court to properly find that TQL has the kind of "continuous and systematic general business contacts" to demonstrate that TQL is "at home" in Texas such that it is subject to this Court's general jurisdiction.[2] *See Luv n' Care, Ltd.*, 438 F.3d at 469; *Frank*, 947 F.3d at 339. Because there is no indication that TQL is "at home" in Texas for purposes of general jurisdiction, the Court will proceed to analyze whether TQL is instead subject to this Court's specific jurisdiction.

**Imerys.** The record indicates that Imerys has no physical presence in the State of Texas, is not registered in Texas, does not have officers in Texas, and does not own real property in Texas. *See* Dkt. Nos. 6, 6-1. Instead, Imerys is an entity incorporated in Delaware with its principal place of business in Georgia. Dkt. No. 6 at ¶ 3; Dkt. No. 6-1. Imerys' sole connection with this suit is that Imerys had directed TQL to broker a contract with a carrier to ship its goods to Texas, and Imerys' goods were in Leal-Vasquez's truck at the time of the accident. Dkt. No. 6 at 2. Plaintiff provides no factual support to show that Imerys' "contacts" with Texas are sufficient to make Imerys "at home" in the State. Plaintiff generally alleges that this "Court has jurisdiction over the Defendants, who do business in the State of Texas and have more than sufficient minimum contacts with the State of Texas to invoke the jurisdiction of the courts of this State." *Id.* at ¶ 8. However, nothing in the record suggests that Imerys has the kind of "continuous and systematic general business contacts" to demonstrate that Imerys is "at home" in Texas such that it is subject to this Court's general jurisdiction. *See Luv n' Care, Ltd.*, 438 F.3d at 469; *Frank*, 947 F.3d at 339. The Court will proceed to analyze whether Imerys is instead subject to this Court's specific jurisdiction.

---

[2] Although TQL motions to dismiss based upon a lack of personal jurisdiction, TQL provides no facts or evidence regarding its members' citizenship, or primary place of business, etc.

### ii. Specific Jurisdiction

Where the plaintiff alleges specific jurisdiction, due process requires "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Intern., Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). In assessing specific jurisdiction, courts consider only those forum contacts giving rise to the plaintiff's claims. *Bristol-Myers*, 582 U.S. at 264. In determining whether or not exercise of jurisdiction is fair and reasonable, defendants bear the burden of proof and "it is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d at 759–60. In this inquiry we examine five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Id.* (citing *Luv n' Care*, 438 F.3d at 473).

***TQL.*** TQL contracted with Atlas to transport Imerys' goods FOB in Washington to a warehouse in Texas, which gave rise to Plaintiff's claims. Dkt. No. 6 at 11. Given that TQL brokered the contract that it knew would result in the shipment travelling to Texas, TQL purposefully availed itself of the benefits and privileges of Texas. *Dixon v. Stone Truck Line, Inc.*, No. 2:19-CV-000945-JCH-GJF, 2020 WL 7079047 (D.N.M. Dec. 3, 2020); *cf. Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1074 ("Absent at least the seller's foreknowledge that the buyer was going to take the product into a particular forum, the defendant cannot reasonably be said to have purposefully directed its activities at the forum."); *Vogel v. Morpas*, Civil Action No.: RDB-17-2143, 2017 WL 5187766, at *5–6 (D. Md. Nov. 9, 2017) (concluding Maryland

court had personal jurisdiction over out-of-state trucking broker where contract with carrier facilitated two intermediate stops in Maryland on way from Michigan to Philadelphia, even though it was carrier's choice to make Maryland stops); *Turner v. Syfan Logistics, Inc.*, No. 5:15-cv-81, 2016 WL 1559176, at *5 (W.D. Va. Apr. 18, 2016) (holding that, in a case involving a trucking accident in Virginia, the Virginia court had personal jurisdiction over the interstate trucking broker because the court determined that broker purposefully targeted Virginia as a state through which the carrier it hired would transport the load based on the Load Confirmation, which obligated the carrier to drive to West Virginia from Tennessee); *Brandi v. Belger Carage Serv. Inc.*, 842 F. Supp. 1337, 1341–42 (D. Kan. 1994) (concluding that Kansas court had personal jurisdiction over Colorado broker that arranged for shipment by Arizona carrier from Kansas City, Missouri to Colorado when freight was damaged while in Kansas because broker must have been aware that goods would travel through Kansas and broker should have foreseen being haled into court in a state through which it had arranged for the shipment of goods). Further, as an interstate trucking broker, TQL engages in the business of arranging for interstate shipments regularly. Dkt. No. 4 at 7. "Knowingly arranging for the transport of goods through [a] state" arises to purposeful availment in that state. *Brandi*, 842 F. Supp. at 1342.

For specific jurisdiction, there must also be a connection between the forum and the underlying controversy. *ITL Intern., Inc.*, 669 F.3d at 498; *Bristol-Myers*, 582 U.S. at 256. Here, TQL's brokering of the shipment along a route it knew would go through Texas was an event in the causal chain leading to Plaintiff's injury and is relevant to the merits of Plaintiff's negligence claim for the shipment at issue.

The next question is whether it would be unfair or unreasonable to exercise personal jurisdiction over TQL. *See McFadin*, 587 F.3d at 759–60. As what seems to be a nationwide

brokerage business, TQL is well-equipped to litigate in Texas, so the first factor weighs in favor of Plaintiff. The second factor – the interest of Texas in adjudicating the dispute – also favors this forum because Texas has an interest in providing a forum and resolving disputes involving accidents occurring on its roadways and with its citizens. Plaintiff, a resident of Texas, has an interest in obtaining convenient and effective relief in his home state, and the interstate judicial system has an interest in resolving the case between Plaintiff and TQL in the same forum and in the same case as with the other parties involved in the accident. Judicial efficiency is served by this Court resolving Plaintiff's case against TQL.

For the foregoing reasons, it is reasonable and does not offend fair play and substantial justice for this Court to exert personal jurisdiction over TQL. TQL's Motion to Dismiss (Dkt. No. 4) for lack of personal jurisdiction is denied.

***Imerys.*** Imerys' connection with the incident and subsequent lawsuit is that it directed TQL to ship Imerys' goods FOB in Washington to a warehouse in Texas. Dkt. No. 6 at 11. Imerys "did not contract with Atlas Transportation and/or Leal-Vasquez, did not communicate with Atlas Transportation and/or Leal-Vasquez, did not select Leal-Vasquez as the driver on the date of the accident, and had no control over Atlas Transport and/or Leal-Vasquez on the date of the accident." *Id.*; Dkt. No. 6-1. Imerys provides no facts or evidence regarding the details of the warehouse, the intended state of commerce for the goods within the truck, or any details of its contract with TQL. *See* Dkt. No. 6. Given that Imerys directed TQL to broker a contract to transport Imerys' goods to a Texas warehouse specified by Imerys, Imerys purposefully availed itself of the benefits and privileges of Texas for this shipment. *Dixon*, 2020 WL 7079047; *cf. Dudnikov*, 514 F.3d at 1074; *Brandi*, 842 F. Supp. at 1342.

10

For specific jurisdiction, there must also be a connection between the forum and the underlying controversy. *ITL Intern., Inc.*, 669 F.3d at 498; *Bristol-Myers*, 582 U.S. at 256. Here, Imerys' directing of shipment to be delivered in Texas was an event in the causal chain leading to Plaintiff's injury and is relevant to the merits of Plaintiff's negligence claim for the shipment at issue.

The next question is whether it would be unfair or unreasonable to exercise personal jurisdiction over Imerys. Imerys must have some contractual relationship with the warehouse in Texas to which it desires to deliver its goods. Further, Imerys makes no argument as to why it would not be well-equipped to litigate in Texas, so the first factor weighs in favor of Plaintiff. *McFadin*, 587 F.3d at 759–60. Parallel to the reasoning provided above for TQL, the remaining factors weigh in favor of this Court resolving Plaintiff's case against Imerys. *See supra* p. 8.

For the foregoing reasons, it is reasonable and does not offend fair play and substantial justice for this Court to exert personal jurisdiction over Imerys. Imerys' Motion to Dismiss (Dkt. No. 6) for lack of personal jurisdiction is denied.

## III. Rule 12(b)(6) Deficiency of the Pleading

### A. *Legal Standard*

Dismissal is proper if the complaining party fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must be dismissed if, assuming the truth of all well-pleaded facts therein, it fails to state a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Throughout the Court's Rule 12(b)(6) analysis, the claim "must be liberally

11

construed, with all reasonable inferences drawn in the light most favorable to the [claimant]." *Morgan v. Swanson*, 659 F.3d 359, 370 n.17 (5th Cir. 2011) (en banc) (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)). The Court need not accept as true mere "labels and conclusions," formulaic recitations of the elements of a cause of action, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B. Analysis

Defendants seek dismissal of all negligence claims against them pursuant to Rule 12(b)(6). *See* Dkt. Nos. 4, 6. Defendants insist that no relationship exists between them and Leal-Vasquez. Dkt. Nos. 4 at 5, 6 at 14. Negligent contracting, hiring, training, and supervision claims are "simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability." *Phillips v. Super Services Holdings, LLC*, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016). "Although the Supreme Court of Texas has not ruled definitively on the existence, elements, and scope of such torts,...the elements of these claims are generally a duty, a breach of that duty, and damages proximately caused by the breach." *Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500, at *4 (N.D. Tex. Feb. 13, 2024). Outside of listing the claims themselves, Plaintiff has only asserted that: (1) Defendants were "negligent on the occasion in question and such negligence was the proximate cause of the Plaintiff's injuries and damages" and (2) "[TQL] was the carrier who assumed the responsibility for and guaranteed the delivery of the load being transported by [Leal-Vasquez] for [Imerys]." Complaint, at ¶¶ 11, 23, 24, 26, 27. The court analyzes each claim, in turn.

***Negligent Contracting.*** Plaintiff has alleged no facts to suggest that TQL or Imerys knew, or by the exercise of reasonable care should have known, that Atlas was an "unfit or incompetent"

shipper. Accordingly, the Court grants Defendants' motions to dismiss (Dkt. Nos. 4, 6) Plaintiff's negligent contracting claim.

***Negligent Hiring.*** Employers have a duty to hire competent employees. *Hernandez*, 2024 WL 583500, at *4 (citing *Greene v. W&W Energy Servs., Inc.*, 2021 WL 5155675, at *4 (S.D. Tex. Feb. 5, 2021)). A plaintiff can demonstrate a breach of that duty with evidence that an employer knew, or by the exercise of reasonable care should have known, that an employee was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *Hernandez*, 2024 WL 583500, at *4 (citing *TXI Transp. Co. v. Hughes*, 224 S.W.3d 870, 901–02 (Tex. App. 2007), *rev'd on other grounds*, 306 S.W.3d 230 (Tex. 2010)). "The plaintiff must also prove that the risk that caused the…hiring to be negligent caused the accident at issue." *TXI Transp. Co.*, 306 S.W.3d at 240.

Plaintiff has failed to sufficiently allege facts regarding how TQL nor Imerys breached its duty to hire competent employees. Accordingly, the Court grants Defendants' motions to dismiss (Dkt. Nos. 4, 6) Plaintiff's negligent hiring claim.

***Negligent Training.*** To plausibly plead a negligent training claim, a plaintiff must plead sufficient facts for the court to draw the reasonable inference that "'a reasonably prudent employer would have provided training beyond that which was given,' and that this failure to do so proximately caused [the plaintiff's] injuries." *Hernandez*, 2024 WL 583500, at *5 (citing *Cobos v. Bluefin Water Sols., LLC*, 2022 WL 847235, at *8 (W.D. Tex. Mar. 22, 2022)). Like the plaintiff in both *Hernandez* and *Cobos*, Plaintiff does not plead any facts regarding Leal-Vasquez's training process nor what training should have been provided but was not. Further, Plaintiff does not allege that TQL or Imerys failed to train Leal-Vasquez how to drive in a safe and prudent manner or inspect his vehicle, as the plaintiff did in *Hernandez*. Accordingly, the Court grants Defendants' motions to dismiss (Dkt. Nos. 4, 6) Plaintiff's negligent training claim.

***Negligent Supervision.*** A negligent supervision claim, like a negligent training claim, requires the plaintiff to plausibly plead that "a reasonably prudent employer would have provided…supervision beyond that which was given and the failure to do so caused [the plaintiff's] injuries." *Hernandez*, 2024 WL 583500, at *5 (citing *Johnson v. Cox*, 2024 WL 331631, at *7 (N.D. Tex. Jan. 29, 2024)). Here, viewing the facts in a light most favorable to Plaintiff, and assuming *arguendo* that TQL and Imerys had a duty to supervise Leal-Vasquez and/or Atlas, Plaintiff's negligent supervision claim still fails because Plaintiff has not alleged any facts regarding how TQL and Imerys breached its duty or how that breach proximately caused the accident. Plaintiff does not plead any facts indicating what supervision TQL and Imerys provided and what supervision a reasonably prudent employer would have provided beyond that which was given. Accordingly, the Court grants Defendants' motions to dismiss (Dkt. Nos. 4, 6) Plaintiff's negligent supervision claim.

## CONCLUSION

For the foregoing reasons, Defendant TQL's Motion to Dismiss (Dkt. No. 4) pursuant to Rule 12(b)(1) and Rule 12(b)(2) and Defendant Imerys' Motion to Dismiss (Dkt. No. 6) pursuant to Rule 12(b)(2) are **DENIED**.

Further, Defendant TQL's Motion to Dismiss (Dkt. No. 4) and Defendant Imerys' Motion to Dismiss (Dkt. No. 6) pursuant to Rule 12(b)(6) are **GRANTED**.

Accordingly, Plaintiff's claims against TQL and Imerys are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED.**

**SIGNED** this 28 day of March, 2024.

ORLANDO L. GARCIA
United States District Judge