# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN LEYVA and Holly Littrell, Individually and as Next Friends of Minor Children, A.L., K.L. and J.L., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| CARRAZANA TRUCKING, LLC., AMAZON LOGISTICS, INC., ALBERTO MEDINA SARRIA, 3Y TRUCKING, LLC, AMAZON.COM SERVICES, INC., AMAZON.COM, INC. | § § § § § § | Civil Action No.: 1:24-cv-00209-ADA |
| Defendants. | § § | |

**AMAZON DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Amazon Logistics, Inc., Amazon.com Services, Inc., and Amazon.com, Inc. ("Amazon") file this Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint and show the Court as follows:

## INTRODUCTION

This case has been pending for nearly a year and a half, and Plaintiffs have moved to amend their complaint three times in the last four months. The Amazon Defendants did not oppose the first two motions, because Plaintiffs provided valid reasons for each proposed amendment. But Plaintiffs' third motion to amend offers nothing new and comes immediately on the heels of the Amazon Defendants' fully briefed motion to dismiss, and Plaintiffs' fully briefed motion to file a sur-reply in opposition to that motion—both of which are still pending. The Amazon Defendants oppose this proposed amendment for two reasons.

1

First, Plaintiffs' motion is a transparent attempt to escape dismissal. Amazon Logistics' freight forwarder authority has been public knowledge for years, and certainly since this case's inception. Indeed, Plaintiffs do not argue otherwise, or that they were somehow unaware of this fact until recently. Plaintiffs had several opportunities to add this information to their complaint—including in response to the Amazon Defendants' first motion to dismiss filed on April 9, 2025, and in response to the Amazon Defendants' second motion to dismiss filed on May 13, 2025—yet chose not to do so. Apparently dissatisfied with their briefing on the second motion to dismiss, Plaintiffs now ask the Court for leave to file yet another amended complaint, so that the parties can file yet another round of briefing on the same preemption argument. That is not a proper basis for amending a complaint. Plaintiffs' motion should be denied on this basis alone.

Second, Plaintiffs' proposed amendment is futile. Like their Second Amended Complaint Plaintiffs' proposed Third Amended Complaint *still* does not establish that Amazon Logistics acted as a "freight forwarder" under federal law for the load in question. *See* 49 U.S.C. § 13102(8) (setting forth the three requirements for an entity to be a "freight forwarder"). Nor would it make a difference if it did. The FAAAA preemption analysis turns not on whether the Amazon Defendants were a broker, a shipper, a freight forwarder, or something else, but instead on whether Plaintiffs' claims relate to the Amazon Defendants' "alleged negligent selection of a motor carrier." (ECF 88 at 7.) Plaintiffs' proposed amended complaint offers nothing new. Plaintiffs' claims are identical to those in their previous complaints, so nothing about the preemption analysis has changed, and Plaintiffs' claims are still preempted. Plaintiffs' proposed amendment should thus be denied as futile.

## BACKGROUND

### I. Plaintiffs' Prior Motions to Amend the Complaint

Plaintiff Jonathan Leyva filed this case nearly a year and a half ago on February 29, 2024. (ECF 1.) Nearly a year later, on March 12, 2025, Plaintiff filed his First Amended Complaint to add two new Amazon entities as defendants to the case. Amazon did not oppose Plaintiff's First Amended Complaint. (ECF 32.) On April 9, 2025, the Amazon Defendants filed their first motion dismiss or, in the alternative, motion for more definite statement—on the basis that Plaintiff's First Amended Complaint offered only legal conclusions without identifying what each Amazon Defendant purportedly did wrong. (ECF 67.) In light of that motion, the parties conferred, and Plaintiff agreed to amend his complaint again to clarify his allegations against each Amazon Defendant, and to add additional Plaintiffs to the case. The Amazon Defendants did not oppose Plaintiffs' request to file their Second Amended Complaint and agreed that it rendered the Amazon Defendants' first motion to dismiss moot. (ECF 71, 73.)

### II. The Amazon Defendants' Second Motion to Dismiss

Based on the allegations in Plaintiffs' Second Amended Complaint, the Amazon Defendants filed their second motion to dismiss on the basis that Plaintiffs' claims are preempted by the FAAAA. (ECF 80.) Plaintiffs did not move to amend their complaint again, but instead substantively responded to the Amazon Defendants' motion. (ECF 86.) There, Plaintiffs argued at length that the Court should consider that Amazon Logistics has freight forwarder authority in its preemption analysis, and submitted nearly 160 pages of exhibits in support of their response. (ECF 86 at 11-15.) The Amazon Defendants' reply pointed out that the Court could not consider this new fact, but even if it did, it would make no difference in the FAAAA analysis. (ECF 88 at 6-7.)

**III.     Plaintiffs' Motion for Leave to File a Sur-Reply**

A week after the Amazon Defendants' motion to dismiss was fully briefed, Plaintiffs sought leave to file a sur-reply. (ECF 90.) That motion, Plaintiffs' proposed sur-reply, and Plaintiffs' reply in support of their motion for leave to file a sur-reply all raised the same argument—i.e., that the Court should consider in its preemption analysis the unpleaded fact that Amazon Logistics has freight forwarder authority. (ECF 90, 94.) The Amazon Defendants' response was the same: The Court cannot consider this new fact because it was not alleged in the Second Amended Complaint, but even if it did, the result would be the same. (ECF 91 at 2.)

**IV.     Plaintiffs' Motion for Leave to File a Third Amended Complaint**

On the same day that they filed their reply in support of their motion for leave to file a sur-reply, Plaintiffs filed a motion for leave to amend the complaint a third time. Plaintiffs' proposed complaint adds two sentences to paragraph 19: "Amazon Logistics is also a federally authorized freight forwarder assigned the FF number FF00016223 since 2016. Amazon Logistics has no federal broker authority." (ECF 93 at 2-3 ¶ 12.)

**LEGAL STANDARD**

A party may amend its pleadings once as a matter of course if no responsive pleading has been served, and thereafter by leave of court or with the opposing party's written consent. *See* Fed. R. Civ. P. 15(a)(2). To determine whether leave should be granted, courts examine five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Courts also consider whether "the moving party failed to take advantage of earlier opportunities to amend." *Lozano v. Ocwen Fed. Bank*, 489 F.3d 636, 644 (5th Cir. 2007). Leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotations omitted).

## ARGUMENT

I.  **Plaintiffs' Motion is A Transparent Attempt to Escape Dismissal.**

Plaintiffs' sole purpose for seeking leave to amend the complaint is to escape dismissal. That is an improper basis for leave to amend.

*Smith* explains why. There, the plaintiffs sought leave to amend their complaint a third time sixteen months after the case was filed—and only after the defendants' motion to dismiss was fully briefed. *See Mark Petroleum, Inc. v. Smith*, 102 F.3d 550, at *2 (5th Cir. 1996). In denying the motion, the trial court noted that the plaintiff "had been, or should have been aware of all facts relevant to such claims," and that its failure to correct its complaint in prior amendments "evinced inexcusable neglect." *Id.* The trial court also determined that, because the "sole purpose of the amendment was to escape dismissal," the plaintiff sought to amend its complaint "improperly to gain a tactical advantage." *Id.* On appeal, the Fifth Circuit affirmed. In doing so, it rejected as immaterial the plaintiff's argument that the motion for leave was timely filed before the amendment of pleadings deadline. *See id.* at *2 n.4.

*Wimm* is also instructive. There, the plaintiffs requested leave to amend their complaint a second time nine months after the case was filed—and only after the defendants' motion for summary judgment was fully briefed. *See Wimm*, 3 F.3d at 140. In denying the motion, the trial court explained that it was "obviously interposed by plaintiffs . . . to avoid summary judgment," and plaintiffs had "ample opportunity to investigate their claims and to seek leave to amend their complaint" earlier. *Id.* at 139. The fact that the plaintiffs had filed their motion before the amendment of pleadings deadline, and before discovery began in earnest—without more—did not justify leave to amend. *See id*. The Fifth Circuit affirmed, agreeing with the trial court that the plaintiffs' motion "was filed in bad faith and with a dilatory motive." *Id.* The Fifth Circuit also warned that a party's "awareness of facts and failure to include them in the complaint might give

5

rise to the inference that the party was engaging in tactical maneuvers to force the court to consider various theories seriatim." *Id.* at 141 (brackets and citations omitted).

As in *Wimm* and *Smith*, Plaintiffs here waited nearly a year and a half after filing this case to add any allegations about Amazon Logistics' freight forwarder authority. Yet Plaintiffs offer no explanation for this delay. Plaintiffs tellingly do not suggest that they recently learned this information, or that they were unaware of it when the case was filed. Nor can they, as it has been public knowledge for years, and certainly since this case's inception. Instead, as in *Wimm* and *Smith*, the purpose of Plaintiffs' proposed amendment is plainly to "gain a tactical advantage" and "escape dismissal." *Smith*, 102 F.3d 550, at *2. Plaintiffs' "awareness of facts and failure to include them in the complaint" until after the Amazon Defendants' motion to dismiss was fully briefed should "give rise to the inference that [they are] engaging in tactical maneuvers to force the court to consider various theories seriatim." *Wimm*, 3 F.3d at 141. Simply put, Plaintiffs had three prior opportunities to plead this fact, and they offer no reason why they waited until now to do so. Plaintiffs' request should thus be denied on this basis alone.

## II. Plaintiffs' Proposed Amendment is Futile.

Nor would Plaintiffs' proposed amended complaint make a difference to the Court's preemption analysis.

As this Court has repeatedly held, a motion for leave to amend should be denied where—as here—the amendment is futile, and "would have no impact on the resolution of Defendants' pending motion[] to dismiss." *Bodden v. Qualified Data Sys.*, No. 1:24-CV-1203-ADA, 2025 WL 852655, at *3 (W.D. Tex. Feb. 24, 2025), *report and recommendation adopted*, No. A-24-CV-01203-ADA, 2025 WL 849821 (W.D. Tex. Mar. 18, 2025) (Albright, J.) (denying motion for leave to amend where pending motion to dismiss argued the claims were time barred); *see also Stephens v. John Bean Techs. Corp.*, No. 18-cv-00133, 2018 WL 7288584 (W.D. Tex. Dec. 12, 2018)

6

(Albright, J.) (denying motion for leave to amend where the claims were time barred); *Kendricks v. Methodist Child.'s Home*, No. 20-CV-01006-ADA, 2021 WL 4127044 (W.D. Tex. Aug. 16, 2021) (Albright, J.) (denying leave to amend due to futility when claim preclusion would bar the amended claims).

Plaintiffs seek to add two sentences to their complaint:

> Amazon Logistics is also a federally authorized freight forwarder assigned the FF number FF00016223 since 2016. Amazon Logistics has no federal broker authority.

(ECF 93 ¶ 12.) Plaintiffs' new proposed amendment has no impact on the Amazon Defendants' pending motion to dismiss, for three reasons.

First, the new allegation does not establish that Amazon Logistics, Inc. acted as a "freight forwarder" for the load in question. According to federal law, a "freight forwarder" holds itself out to the general public "to provide transportation of property for compensation and in the ordinary course of its business," where the entity:

(A) "[A]ssembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments";

(B) "[A]ssumes responsibility for the transportation from the place of receipt to the place of destination"; and

(C) "[U]ses for any part of the transportation a carrier subject to jurisdiction under this subtitle."

49 U.S.C. § 13102(8). Neither Plaintiffs' proposed additional sentences nor the rest of the complaint establishes any of these requirements, let alone all three.

Second, Plaintiffs cannot show that Amazon Logistics was acting as the freight forwarder for the load in question. Plaintiffs admit that the Amazon Defendants sole role in the accident was that "Amazon Logistics owned the trailer being hauled by Defendant Sarria." (ECF 93-1 at 11, ¶

7

37.) There are no allegations that any Amazon Defendant was "provid[ing] transportation of property for compensation." 49 U.S.C. § 13102(8). Quite the opposite: The proposed amended complaint says that the load was "contracted by Amazon Logistics to Defendant 3Y," before it was "double brokered to Carrazana." (ECF 93-1 at 11, ¶ 37.) And Plaintiffs elsewhere acknowledge that Mr. Sarria was hauling "an empty trailer" when the accident occurred. (ECF 86 at 15.) So Amazon Logistics could not have been "organiz[ing]" or "assembl[ing] and consolidat[ing] . . . shipments" for the load (and thus could not have acted as a "freight forwarder"), because there was no shipment. *See* 49 U.S.C. § 13102(8).[1]

Third, even if Plaintiffs' allegations established that Amazon Logistics acted as a freight forwarder for the load in question, that wouldn't change the preemption analysis. For preemption purposes, what matters is not whether Amazon Logistics is considered a freight forwarder, a broker, a shipper, or something else, but instead whether Plaintiffs' claims relate to the Amazon Defendants' "alleged negligent selection of a motor carrier." *HMD Am. Inc., f/u/b/o Certain Far E. Underwriters with Fubon Ins. Co., Ltd. v. Q1, LLC*, No. 23-21865-Civ-Scola, 2024 WL 167374, at *3 (S.D. Fla. Jan. 12, 2024). They did in the Second Amended Complaint, and they *still* do in the proposed Third Amended Complaint—as those allegations are unchanged. (*Compare* Second Am. Compl., ECF 72 ¶¶ 26, 35, 37, *with* Third Am. Compl. ECF 93-1 ¶¶ 26, 35, 37.) Because Plaintiffs claims seek to apply a Texas state common law standard to how the Amazon Defendants select motor carriers, the FAAAA's preemption provision applies—regardless of what title

---

[1] Amazon Logistics is best characterized as a shipper because it was an "entity that purchase[d] the transportation services of [a] carrier," i.e. 3Y. *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 59 (2d Cir. 2012).

Plaintiffs try to assign Amazon Logistics.[2] Nor would Plaintiffs' claims against Amazon Logistics be saved by the safety exception if Amazon Logistics were a freight forwarder, as the definition of "motor vehicle" under federal law does not include freight forwarders, *see* 49 U.S.C. § 13102(16), and the safety exception does not identify freight forwarders as falling within its ambit, *see* 49 U.S.C. § 14501(c)(2)(A).

At bottom, Plaintiffs' request for leave to amend does "not identify how [the] amendment" would change the FAAAA analysis, or "how it might survive" the Amazon Defendants' pending motion to dismiss. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). Nor could it, as Plaintiffs' proposed amended complaint does nothing to change the gravamen of their claims. So "the only result of allowing Plaintiff[s] leave to file would be to then have to consider and grant a [third] Motion to Dismiss under a Rule 12(b)(6) motion." *Stephens*, 2018 WL 7288584, *1 (Albright, J.).

## CONCLUSION

The Amazon Defendants respectfully ask the Court to decline Plaintiffs' invitation for the parties to file yet another round of substantively identical briefing on the same preemption argument—especially given Plaintiffs' failure to offer any reason why they waited to allege these two sentences until after the Amazon Defendants' motion to dismiss was fully briefed. Plaintiffs' request for leave to amend should thus be denied.

---

[2] Plaintiffs do not argue that either of the other two Amazon Defendants (Amazon.com Services LLC and Amazon.com Inc.) acted as a "freight forwarder" for the load in question.

Dated this 14th day of July, 2025         Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

*/s/ Patrick W. Drouilhet*
John Bridger
Texas Bar No. 02975860
Federal ID 5987
john.bridger@wilsonelser.com
Patrick W. Drouilhet
Texas Bar No. 00783985
Federal ID 5711
Patrick.drouilhet@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, TX 77010
Telephone: 713.353.2000
Facsimile: 713.785.7780

*Attorneys for Defendant Amazon Logistics, Inc., Amazon.com Services, LLC, and Amazon.com, Inc.*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was electronically served on all counsel of record on July 14, 2025.

*/s/ Patrick W. Drouilhet*